HORACE STRICKLAND AND CHARLES C. P. BALDWIN *v.* HORACE MARTIN.

*Process.    Return.    Plea in abatement.*

The return of an officer upon a writ of attachment, where personal property is attached, that he delivered to the defendant a copy of the attachment and a list of the articles attached, is sufficient.

If, in a plea in abatement for defective service of a writ, the return be referred to and made part of the plea, the court will examine the return, to determine its sufficiency, and it is not necessary for the plaintiff to reply the return, by way of estoppel, although the plea contains that which is inconsistent with the return.

ASSUMPSIT upon a promissory note.    The officers return upon the writ was in these words ;—" Then by virtue of this writ, to me " directed, I attached one horse and harness as the goods and " chattels of the within named defendant, and delivered him a copy " of this attachment and a list of the articles so attached by me." The defendant pleaded in abatement, that no true and attested copy of the writ, with the officer's return thereon indorsed, together with a list of the articles attached, was delivered to the defendant, attested by the officer serving the same, or left at the house of his then usual abode, &c.; and reference was made, in the plea, to the return, as indorsed upon the writ.    To this plea the plaintiff demurred.

The county court, June Term, 1850,—REDFIELD, J., presiding,— adjudged the plea insufficient, and rendered judgment for the plaintiff.    Exceptions by defendant.

*R. McK. Ormsby* for defendant.

1. The officer serving the writ did not, as appears from his return, indorse his return upon the copy left with the defendant, who was sued by having his property attached.

2. On demurrer to a plea in abatement, if the plaintiff succeed, the judgment should be *respondeat ouster*, and not final ; otherwise, when issue of fact is joined on such plea. 1 Chit. Pl. 466. 2 Saund. 211, n. 3. Com. Dig., Abatement 1, 14. 1 East 514. 2 Wils. 367.

*S. Austin* for plaintiff.

The officer, in making his return, followed the directions of the statute, in its very words. It is not required by the statute, that the officer should say, that his return was indorsed upon the copy left with the defendant, nor to express in his return the manner of service, as in case of summons. Rev. St. 180, § 13.

The opinion of the court was delivered by

REDFIELD, J. The return of the officer, in this case, is in the precise words of the statute, and we think is sufficient. In practice, the copy left in service of a writ of attachment, when personal property is attached, contains a copy of the *officer's* return usually; and whether this is not the practical construction given to the statute *it is not necessary now to inquire. As the return is made a part* of the plea, we must look into the return ; and it is not necessary, in such case, for the plaintiff to reply the return by way of estoppel upon the plea, when it contains any thing inconsistent with the return. We must decide upon the return, as it is ; and that, in this case, is sufficient.

We think, from the exceptions, it sufficiently appears, that, when the plea in abatement was adjudged insufficient, the defendant interposed no farther defence, and, in effect, consented to have judgment entered up for the plaintiff on his claim, without objection ; and that judgment is affirmed.